REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested our opinion regarding the constitutionality of a proposed amendment to LB 208. Generally, LB 208 in its present form would amend Neb.Rev.Stat. § 66-414 (Reissue 1981) by altering the shrinkage allowance granted to dealers of motor vehicle fuels to provide a three percent allowance on the first 75,000 gallons of fuel received monthly, and a two percent allowance on all gallons in excess of 75,000 gallons. The question you have posed to us is whether an amendment to raise the shrinkage allowance to 90 percent would be constitutional.
It is our understanding the rationale behind the allowance contained in § 66-414 is based on the fact that, on average, a certain portion of motor vehicle fuels received or imported are lost through shrinkage resulting from evaporation. The three percent allowance presently provided for in § 66-414 has existed since 1929. Laws 1929, c. 166, § 1, p. 573, C.S. 1929, § 66-405.
It appears to us the primary constitutional problem associated with your amendment would be one of unreasonable classification. In your letter, you state various studies have concluded the maximum shrinkage allowance presently necessary would be approximately one percent. We do not have sufficient factual information to determine what would be an appropriate or reasonable percentage to allow based on actual shrinkage under present conditions. In any event, this determination of reasonableness is one which must, in the first instance, rest with the Legislature. Based on the information you have given us, we believe an allowance of 90 percent would not bear any rational relationship to the amount of motor vehicle fuels lost due to shrinkage. It is therefore our opinion that your amendment to provide for a 90 percent shrinkage allowance would be held unconstitutional on the ground it established an unreasonable classification bearing no rational relationship to the object or purpose sought to be achieved.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General